BOONE et al. v. MORGAN. (No. 1294.)

(Court of Civil Appeals· of Texas. El Paso. April 6, 1922. Rehearing Denied April 27, 1922.)

1. **Alteration of instruments ⊚⇒29—Evidence held sufficient to support a finding that a lease was changed in a material part.**

In a suit by a landowner against assignees of an oil lease to cancel the lease, evidence *held* sufficient to support a finding that the lease was changed as to the time of drilling, and that this was a material provision of the lease.

2. **Appeal and error ⊚⇒1054(1)—Failure to introduce lease in evidence held not reversible error.**

In a suit by a landowner against assignees of an oil lease to cancel it, failure to formally introduce the lease in evidence, in view of the fact that the lease was read to the court by counsel, read by the court, and considered in arriving at a decision, was not reversible error.

3. **Mines and minerals ⊚⇒58 — Leaving out amount in lease to be paid for extension held not to destroy provision as to time of drilling well.**

Leaving the space in an oil lease blank for an amount of money to extend the time of drilling after a certain date did not destroy a provision as to the time within which a well should be commenced, nor did it operate to render the clause meaningless, in view of parol evidence that a well was to be commenced within six months or the lease was to terminate.

Error from District Court, Eastland County; E. A. Hill, Judge.

Suit by Robert Morgan against Dan Boone and others. From judgment for plaintiff, defendants bring error. Affirmed.

Sayles & Sayles and J. M. Ferrell, all of Eastland, for plaintiffs in error.

Del W. Harrington and H. L. McCune, both of El Paso, for defendant in error.

WALTHALL, J. This suit was brought by Robert Morgan against Dan Boone, Mrs. M. L. Lightfoot, and her husband, H. M. Lightfoot, to cancel an oil and gas lease of lands in Eastland county on account of certain alleged material changes in the terms and provisions in said lease, made after its execution and delivery, and without his knowledge or consent. The lease was executed and delivered by Morgan to Boone and Steele on April 13, 1918. It is alleged that the lease contract, as executed and delivered, provides as follows:

"If no well is commenced on said land on or before the 1st day of October, 1918, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First State Bank of Eastland, Texas, * * * the sum of —— dollars, which shall operate as a rental and cover the privilege of deferring the commencement of a well for six months from said date."

Plaintiff alleged that said oil and gas lease was executed and signed and acknowledged in duplicate, one copy being retained by plaintiff and the other being delivered to said Steele of the firm of Boone & Steele, and that after the delivery of said oil and gas lease the wording of said lease was fraudulently changed, without the knowledge or consent of the plaintiff herein, to read as follows, to wit:

"If no well be commenced on said land on or before the 1st day of April, 1919, this lease shall terminate as to both parties," etc.

—which lease was placed of record in the deed records of Eastland county, Tex.. and would indicate that said lease was drawn in a manner that gave lessees 12 months in which to commence the drilling of a well, when in truth and in fact the time agreed upon, and the time given in the lease and set forth in the lease at the time plaintiff signed same gave said lessees only six months to commence the drilling of a well on the land on the herein described premises. Plaintiff alleged the assignment by Steele of his interest to Wood, and from Wood to Mrs. Lightfoot. Plaintiff alleged that none of the lessees have ever commenced the drilling of a well on said land, and that by reason thereof the lease should be canceled, as more than six months has elapsed.

Defendants answered by general demurrer, several special exceptions, general denial, specially denied under oath, any change or alteration in the lease; alleged that in consideration of $107.50 mentioned in the lease and then paid the lease provided that the lease should remain in force for the term of five years from its date, and as long as oil or gas is produced from said land; that the lease provides for the payment of royalties to be paid plaintiff as lessor in the event of production, of one-eighth of the oil, etc.; that said lease also contains a purported forfeiture clause, which is in truth and in fact surplusage, ambiguous and meaningless and therefore forms no part of said lease, and is of no effect or force whatever; said clause being in substance as follows: Then follows a statement of the provision of the lease as above, commencing, "If no well is commenced," except the date for the commencement of the well is alleged to be the 1st day of April, 1919, instead of the 1st day of October, 1918, and the sum of —— dollars should operate as a rental to cover the privilege of deferring the commencement of

---

a well for 12 months from said date instead of 6 months, as alleged by plaintiff.

The case was tried by the court without a jury. The court after hearing the evidence rendered judgment for plaintiff. No findings of fact found by the trial court appear in the record.

[1] Appellee, Robert Morgan, was the only witness who testified in the case. His evidence, substantially, is: While at Camp Logan, Tex., on about the 13th day of April, 1918, he was approached by Leroy Steele in regard to leasing the land in question for oil and gas. He leased the land to Boone and Steele. Two instruments were prepared. They were already prepared when he first saw them. Thinks one was a carbon copy of the other. Witness and Steele went into the city of Houston to execute the instruments, and to the office of Mr. Louis C. Phelps. Witness compared the two instruments, and they were the same. Witness signed and acknowledged both instruments. The blank space left for the rental (in the lease) was left blank because there was to be no rental paid. Phelps asked the question as to the rentals, and there was to be no rentals; he said there was to be no rentals. Steele was present. After the two instruments were signed witness turned one of them over to Steele, and kept the other. At the time witness signed the instruments the date for the commencement of the well was given as October 1, 1918. Witness never did agree to any change in that condition or stipulation. No well has ever been drilled on this land, which is something over two years since the making of the contract.

It was agreed by counsel for both sides that the duplicate lease or contract referred to by plaintiff, Morgan, in his evidence, and set out in full under the agreement, was read by counsel for plaintiff to the court, was also presented to the court, and the court read and considered ·same in arriving at his decision in this case, but the plaintiff failed to formally introduce said lease or contract in evidence. The duplicate copy referred to in the agreement is of the form generally and customarily known as "Producers' 88 Form of Commercial Oil and Gas Lease," and is of record in Eastland county. Its date is April 13, 1918; the lessor is Robert Morgan, and the lessees are Boone and Steele; the land is the same as in the petition; it is there agreed that the lease shall remain in force for a term of five years from the date of the lease. Under the third paragraph of the lease the following occurs:

"If no well be commenced on said land on or before the 1st day of October, 1918, this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First State Bank at Eastland, Texas, or its successors, which shall continue as the depository regardless of changes in the ownership

of said land, the sum of —— dollars, which shall operate as· a rental and cover the privilege of deferring the commencement of a well for 6 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited therein, the down payment, ($107.50) covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending ,that period as aforesaid, and any and all other rights conferred."

The lease is signed and acknowledged by Robert Morgan before a notary public on the 13th day of April, 1918.

It was further agreed by the parties to the suit that the contract in question, of record in Eastland county, shows on its face that it is a 12-month contract, and not a 6-month contract, and provides that—

"If no well be commenced on or before the 1st day of April, 1919, that this lease shall terminate as to both parties, unless the lessee on or before that date shall pay or tender to the lessor, or to the lessor's credit in the First State Bank at Eastland, Tex., or its successors, which shall continue as the depository regardless of changes in the ownership of said land, the sum of —— dollars, ·which shall operate as a rental and cover the privilege of deferring the commencement of a well for 12 months from said date. In like manner and upon like payments or tenders the commencement of a well may be further deferred for like periods of the same number of months successively. And it is understood and agreed that the consideration first recited therein, the down payment, covers not only the privileges granted to the date when said first rental is payable as aforesaid, but also the lessee's option of extending that period as aforesaid, and any and all other rights conferred."

[2] The first proposition is directed to the failure of plaintiff to formally introduce the duplicate . lease contract in evidence; the contention being that by the failure to formally introduce the lease in evidence plaintiff failed to make out a prima facie case. It was agreed by all parties, and so stated in the proposition, that the oil and gas lease contract in issue was read by counsel to the court, was also presented to the court, and the court read and considered same in arriving at his decision in the case, but the lease was not formally introduced in evidence. The court was trying the case without a jury. The proposition presents no reversible error.

In Wescott v. Menard & Co., Dallam Dig. 503, in a suit on promissory notes, and in which it was urged that the record makes no exhibition of the notes sued on and described in the petition, and furnishes no proof wherewith the allegations of the plaintiff are at all supported, or upon which the judgment was or could be legally based, the court said:

"If the judgment was in fact obtained against Wescott without producing the note on the trial below, he ought then to have objected; but the record shows no such objection. We deem it now too late for him to do so, as we must suppose the district court would not have given judgment, unless the judge below had the necessary proof, to have authorized it. But for the sake of a correct practice we think it proper to add that wherever written instructions of any kind are made the foundation of an action, such instruments ought always to be produced on the trial and regularly filed at the time the judgment is obtained."

The judgment was affirmed. Here the record does not show that the defendants below, plaintiffs in error here, made any objection to the consideration by the court of the lease contract, or any part of its contents, or any evidence offered as to its contents, on the ground that the lease had not been formally introduced in evidence. No question was raised as to the identification of the lease then being considered by the court, and about which the witness Morgan was then testifying. The court had before him the identical instrument about which the suit was being tried, and was then considering it and its contents as evidence and with reference to the issues presented, and in connection with the evidence then being offered on the issues then being tried. As said by the Supreme Court in Western Union Tel. Co. v. Rosentreter, 80 Tex. 406, 16 S. W. 25, it is clear as a matter of practice and of law that the identification of a written instrument for the purpose of introducing it in evidence is not equivalent to its introduction in evidence in fact before the court and jury. If the lease contract had been produced and was then being considered by the court only for the purpose of its identification, and a seasonable objection had been made by defendants as to a consideration of the instrument for any purpose other than its identification, a more serious question would be presented. But, here, aside from the question of the formal introduction of the lease, the uncontroverted evidence shows that the time for the commencement of the oil well was changed from 6 months to 12 months. We think the court was justified from the evidence in holding that the lease was so changed, and that the alteration was an actual alteration and as to a material provision of the lease.

[3] True, the lease, as the other portions of it, was for a series of years, but, as we construe it, was conditioned on its provision that a well be commenced within 6 months from its date. The reason for not inserting the rental to be paid in the blank space in the lease was stated by the witness Morgan, and his evidence is not controverted. The blank space, possibly, rendered that portion of paragraph 3 ambiguous, as contended by plaintiff in error, which alone would condemn it as a forfeiture provision, had the suit been brought to cancel on any supposed construction of that clause in the lease. Decker v. Kirlicks, 110 Tex. 90, 216 S. W. 385. But the suit is brought to cancel the lease because of an alteration as to one of its material provisions. The provision in the lease as to the time when a well shall be commenced is not destroyed, we think, because of the blank space left in the paragraph where the amount of rentals should have been stated, had a rental been agreed upon. Nor does it render the whole clause meaningless. With the parol evidence to explain the blank, it simply means that the parties have agreed to commence a well within six months from its date, and if a well is commenced within that time no rental is to be paid, the down payment is the consideration, but if no well is commenced, the lease terminates as to all parties.

Finding no reversible error the case is affirmed.